DRILLING WELL TWO MILES AWAY, NOT IN "VICINITY" OF LAND PROPERTY.

Drilling an oil well nearly two miles distant, and with several farms intervening, from leased property, is not a compliance with the condition in an oil lease providing that lessee shall drill a well on the leased property or in the vicinity, or pay the rental.

PER CURIAM.

Joshua Moores brought suit against the Castner Oil Co. for rental for his farm under a contract which provided that a well was to be drilled on the farm or in the vicinity, or they were to pay the rental. The oil company drilled a well nearly two miles away and maintained that it was in the vicinity. A justice, and a jury in the common pleas court, gave Moores a verdict for the full amount, and the circuit court affirms the decision of the lower court, holding that, had the well been drilled on an adjoining farm, it might have been in the vicinity, but with several farms intervening, it is not.

## TENDER—APPEALS.

[Hamilton Circuit Court, 1896.]

Smith, Swing and Cox, JJ.

### R. S. STORER v. WM. BOHMANN.

VALID TENDER IN COMMON PLEAS IN CASE APPEALED FROM JUSTICE COURT WHERE TENDER WAS MADE BEFORE SUIT BUT NOT MADE GOOD UNTIL AFTER TRIAL.

A valid tender in the common pleas court, in a case appealed from justice court, where a tender was made before suit was brought before the justice, but not made good previous to the trial, must include not only the interest due on the claim but also the costs before the justice.

Storer v. Bohmann.

ERROR to the Court of Common Pleas of Hamilton county.

SWING, J.

It appears that tender was made before suit was brought before the justice of the peace, but was not made good previous to trial before the justice by bringing the money into court. Swan, at page 820 (10th ed.) says: "The amount of money tendered must be brought into court and deposited with the justice of the peace." The case went to judgment before the justice and was brought to the common pleas on an appeal, when a tender was again made of the amount of the judgment and was paid into court, but did not include the costs due the plaintiff before the justice. In order to have tendered plaintiff the amount due him it should have included not only the interest due on his claim, but also the costs due him up to the time of the tender, and this must have included the costs before the justice. This was not done, and therefore the plaintiff was entitled to judgment as to costs.